United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 11-20532-Scola |
| | ) |
| Christian Pereira, Defendant. | ) |

### Order on Motion for Compassionate Release

Now before the Court is the Defendant Christian Pereira's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 230**).

The Defendant pled guilty to one count of conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951(a), one count of conspiracy to use interstate facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958(a), and one count of possession of a firearm in furtherance of a crime of violence or drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On June 4, 2012, the Court sentenced him to 144 months' incarceration followed by three years of supervised release. Although the Defendant has served 97 months of his 144-month sentence, that sentence was the result of a variance significantly below the bottom end of his guidelines range of 168 to 210 months even though the Defendant was the most culpable of his conspirators. While the Government does not dispute that the Defendant exhausted his administrative remedies, the Court does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case for several reasons.

First, the Defendant did not meet his burden to show that "extraordinary and compelling reasons" support his release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65.[1] The Defendant is a 31-year-old inmate with "moderate persistent" asthma. (ECF No. 230 at 4.) The Court does not reach the parties' dispute over whether the Defendant's asthma is "intermittent." However, although people with asthma may be at an increased risk of contracting a severe case of COVID-19, the

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from COVID-19).

severity of the Defendant's asthma is not entirely clear. Moreover, he is less than half the age of those persons whom the CDC has identified as being at a particularly high-risk of severe illness from COVID-19. Accordingly, the Defendant cannot show that extraordinary and compelling reasons support his release and, because he is 31-years-old, his risk of catching a severe case is diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Second, even if the Defendant had shown extraordinary and compelling reasons in favor of his release, the Defendant did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. The Defendant is serving a sentence for his role in a violent murder-for-hire plot. Moreover, he admits he has committed several infractions while serving his current sentence.

The seriousness of the underlying violent offense, which included possession of a firearm during a planned drug-related robbery and homicide, establishes that the Defendant is a danger to the community. His misconduct during his incarceration also indicates that he poses a high risk of reoffending. Earlier this year, the Defendant was admitted to a BOP hospital unit after he was found under the influence of an unidentified substance that he had smoked. He has been caught and disciplined for several contraband and drug-related offenses while incarcerated. The applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant the Defendant's release, particularly in light of the substantial downward variance that he received. Although the Defendant has tried to contextualize his numerous infractions, there are many defendants who have no infractions whatsoever. Releasing the Defendant is not consistent with promoting respect for the law or the 3553 factors.

Accordingly, the Court **denies** the Defendant's motion for compassionate release (**ECF No. 230**).

**Done and ordered** at Miami, Florida, on September 8, 2020.

Robert N. Scola, Jr.
United States District Judge